**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **KEVIN G. MORGAN and ASHLEY MORGAN** | § § § | |
| *Plaintiffs*, | § | |
| *vs.* | § § | **CIVIL ACTION NO.: 1:19-cv-597** |
| **ASI LLOYDS** | § § | |
| *Defendant.* | § | |

**NOTICE OF REMOVAL**

Defendant ASI Lloyds ("ASI"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Kevin G. Morgan and Ashley Morgan v. ASI Lloyds;* Cause No. B190395-C on the docket of the 163rd Judicial District Court of Orange County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Kevin G. Morgan and Ashley Morgan ("Plaintiffs") commenced the captioned action against ASI Lloyd on September 20, 2019 by filing Plaintiff's Original Petition (the "Petition") in the 163rd Judicial District Court of Orange County, Texas.

2. A copy of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition, filed 9/20/19; (b) Request for Process Form, filed 9/20/19; (c) E-File Receipt, dated 9/20/19; (d) Citation Issued, dated 9/24/19; (e) Citation Returned, dated 11/4/19; and Orange County District Court Case History.]

3. The Petition avers that Plaintiffs reside in Orange County, Texas (Petition, ¶ 2). The Petition alleges that ASI is "a foreign insurance company registered with the Texas

Department of Insurance engaging in business of insurance in the State of Texas. Upon information and belief, its principal office is located at Saint Petersburg, Florida." but fails to allege a state of incorporation. (Petition, ¶ 3). Defendant, ASI Lloyds was, and at the date of this Notice remains, an unincorporated association of 10 underwriters. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[1] The members of ASI Lloyds are the underwriters alone.[2] The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Jr., Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon, and Angel Conlin. Each of these underwriters is a citizen of the State of Florida and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent removal. Because each of the underwriters is a citizen of a state other than Texas, ASI Lloyds is not a Texas citizen.[3]

4. The Petition alleges that Plaintiffs own property in Bridge City, Texas insured under an Insurance Policy issued by ASI (Petition, ¶¶ 7-9). The Petition alleges that Plaintiffs suffered damages as a result of a severe weather-related event at the residence on or about August 25-27, 2017. (Petition, ¶ 10). The Petition further alleges Plaintiffs submitted a claim for the damage, (Petition, ¶ 11), at which point ASI allegedly denied and/or underpaid Plaintiffs' claims for damages to the Property. (Petition, ¶¶ 13,18-20). Further, Plaintiffs allege they submitted a supplemental claim on February 15, 2018 which instead was adjusted as a separate

---

[1] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).
[2] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")
[3] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

incident, at which point ASI allegedly denied and/or underpaid Plaintiffs' second claim for damages to the Property. (Petition, ¶¶ 14-20).

5. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

6. ASI does not admit the underlying facts as alleged by Plaintiffs or as summarized above. Further, ASI expressly denies that it has any liability to Plaintiffs.

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are citizens of Texas. ASI is a citizen of Florida. *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). Consequently, there is complete diversity of citizenship.

8. The amount in controversy exceeds the jurisdiction minimum of $75,000 set by 28 U.S.C. § 1332(a). In the Petition, Plaintiffs allege that they seek "monetary relief over $250,000 but not over $500,000." (Petition, ¶ 4). Plaintiffs also seek penalties, costs, expenses, pre-judgment interest, and attorney fees. (Petition, ¶¶ 46-55). Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Given the nature of Plaintiffs' claims against Defendant, the alleged damages in this action clearly exceed $75,000, exclusive of interest and costs. *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

9. Moreover, because Plaintiffs in Texas are not limited to recovery of damages

requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10.  No binding stipulation or affidavit was filed with Plaintiffs' Petition.

## REMOVAL PROCEDURE

10.     The clerk of the 163rd Judicial District Court of Orange County, Texas has been provided notice of this removal.

11.     Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with this Notice of Removal:

    a.     An index of matters being filed;

    b.     The state court file, including any and all executed process, pleadings and exhibits thereto, state court orders, and the state court docket sheet; and

    c.     A list of all counsel of record.

WHEREFORE, ASI Lloyds hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder
Texas Bar No. 24072938
Federal ID No. 1096795
lschexnyder@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA  70810
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**ATTORNEY-IN-CHARGE FOR ASI LLOYDS**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 25th day of November, 2019, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Shaun W. Hodge      *Via E-File*
THE HODGE LAW FIRM, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
P: 409-762-5000
F: 409-763-2300
shodge@hodgefirm.com

                                              */s/ LaDonna G. Schexnyder*
                                              LaDonna G. Schexnyder