**Vickie Edgerly, District Clerk**
**Orange County, Texas**
**Reviewed By: Justin Rhodes**

## CAUSE NO. B190395-C

| | | |
|---|---|---|
| **KEVIN G. MORGAN AND ASHLEY MORGAN** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **ORANGE COUNTY, TEXAS** |
| **ASI LLOYDS, INC.** | § § | |
| **Defendant.** | § § | 163rd  **JUDICIAL DISTRICT** |

---

## PLAINTIFFS" ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KEVIN G. MORGAN AND ASHLEY MORGAN, (hereinafter referred to as "Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of ASI LLOYDS, INC. ("ASI" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.     Plaintiffs are husband and wife residing in Orange County, Texas.

3.     Defendant ASI LLOYDS is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  Upon information and belief, its principal office is located at Saint Petersburg, Florida.  The Defendant may be served with process by serving its registered agent, CORPORATE CREATIONS

---

NETWORK, INC., at 2425 W Loop South #200, Houston, TX 77027 by certified mail, return receipt, or personal service.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $250,000 but not over $500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiffs reserve the right to amend the petition during or after the discovery process.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6.      Venue is proper in Orange County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiffs are the owner of insurance policy TXH1217163 (hereinafter the "Policy"), which was issued by Defendant.

8.      Plaintiffs own the insured property, which is specifically located at 560 Larry Ward, Bridge City, Texas (hereinafter the "Property").

9.      Defendant sold the Policy to Plaintiffs, insuring the Property.

10.     On or about August 25-29, 2017, a windstorm caused severe damage to the insured Property.

11.     Plaintiffs submitted a claim to Defendant against the Policy for damages that the Property sustained as a result of the windstorm. Upon information and belief, Defendant assigned a numbered claim.  The claim number assigned was 482013-174402.

12.     Plaintiff then asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant contracted with Advanced Claims Concepts, who sent adjuster Shane Smith to investigate. Mr. Smith conducted an on-site inspection and created his report on or about September 20, 2017, valuing the damages sustained to the Property at just below the Plaintiffs' deductible amount.

14.     On or about February 15, 2018, Plaintiffs discovered additional, previously unidentified damages when water penetrated the ceiling of the Property.

15.     Plaintiffs then submitted a supplemental claim to Defendant against the Policy for additional damages. Upon information and belief, Defendant assigned a numbered claim.  The claim number assigned was 536752-184402.

16.     Plaintiff then asked that Defendant cover the cost of these additional repairs to the Property, pursuant to the Policy.

17.     Defendant contracted with Eberl Claims Services and Dan Murphy inspected the Property on or about February 21, 2018, and completed his report on or about February 25, 2018, whereby Defendant adjusted this claim as a separate incident, incurring a new deductible. Conveniently, Mr. Murphy concluded the damages from this "event" were less than the Plaintiffs' deductible, too.

18.     To date, Defendant has remitted a total of $0.00 to the plaintiffs to compensate for their Hurricane Harvey Property damages and clean-up costs.

19.     From the onset of these claims, Defendant set about to deny and/or underpay on properly covered damages. Plaintiffs' claim was improperly adjusted due to Defendant's unreasonable investigation of the claim, as well as under-scoping the damages during its investigation. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

20.     Despite Plaintiffs' continued efforts to cooperate, Defendant continues to delay and/or deny payment for covered damages to the Property. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

## CAUSES OF ACTION

21.     Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

22.     The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

23.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

24.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

25.     The Defendant's breach proximately caused Plaintiffs' injuries and damages.

26.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

27.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

28.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

29.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

30.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

31.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

32.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(7).

33.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

34.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

35.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

36.     Defendant's failure to notify Plaintiffs, in writing, of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

37.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

38.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

---

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

40.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

41.     Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

42.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

43.     Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

44.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a)      Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)      Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)      Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)      Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)      Violated the provisions of the Texas Insurance Code described herein.

45.     The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## DAMAGES

46.     Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct.  Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

47.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

48.     The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

49.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

50.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times actual damages. Tex. Ins. Code §541.152.

51.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

52.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

53.     For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

54.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

55.     Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

56.   Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition*.

## REQUEST FOR DISCLOSURE

57.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995

**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS





*Vickie Edgerly*

Orange County District Clerk
*801 W. Division Ave.*
*Orange, Texas 77630-6364*
**Phone:** (409) 882-7825
**Fax:** (409) 882-7083

FILED 9/20/2019 3:03 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

Anne Reed
Chief Deputy - Civil

Brandee Avery
Chief Deputy - Criminal

# E-FILING REQUEST FOR PROCESS

All sections **must** be completed for processing this request

---

Section 1:

**Cause No.** B190395-C                   163rd          **Date** 09/20/2019

**Style of Case:** Kevin Morgan et ux v ASI Lloyds Inc.

---

Section 2:

**Title of your Document / Name of Pleading to be attached for Service**
Plaintiffs' Original Petition

---

Section 3:

**Put the NUMBER of parties by the type of Service you're requesting below:**

_1_ Citation ($8.00 per party & per pleading)
_____ Temporary Restraining Order ($8.00 per party)
_____ Notice of Hearing/Notice to Show Cause/Order to Appear ($8.00 per party)
_____ Application for Protective Order/Temporary (Ex Parte) Protective Order **
        **Submit the REQUIRED TCIC/NCIC Form and List below the Law Enforcement Agency to be served on:
        _____
_____ Precept to Serve ($8.00 per party)
_____ Writ of _____ (8.00 per party)
_____ Citation by Posting ($8.00 per party)
_____ Citation by Publication ($8.00 per party)* Newspapers Name & Address:_____
_____ Citation by Secretary of State ($16.00 per party)
_____ Citation by Texas Highway Commission ($16.00 per party)
_____ Civil Bond Approval ($4.00)
_____ Other _____

---

Section 4:

**Put a ✓ by Type of Delivery below:**

_____ By E-Mail **(Please provide E-Mail address, Contact Name and Phone Number below)**
        _____

_____ Process Server
_____ Out of County
_____ Orange Co. Sheriff (add $75.00 per party & per piece of service)
_____ Writ Served by Orange Co. Sheriff (add $125.00 per party)
✓ Certified Mail-Return Receipt Requested (add $75.00 per party& per piece of service) ☐ **Restricted Delivery**
_____ Protective Order
_____ Warrant or Capias (Civil $80.00)
_____ Other:_____

**\*\* Service NOT being returned by E-mail:**
        There will be a service copy charge of **$1.00 per page, per pleading & per party,** Please list below the total
        amount of copies and cost you will be paying.

_✓_ **\*\*Copies for Service: Total Number of Pages, Per Party being served:** _11_ , $ _11.00_

Section 5:

**Parties to Be Served:** (Please Type or Print)

**1. Name:** ASI Lloyds, Inc. via registered agent Corporate Creations Network, Inc.

Address: 2425 W Loop South #200

City: Houston          State: TX          Zip: 77027

Type of Service requested: CMRRR

**2. Name:** _____

Address: _____

City: _____   State: _____   Zip: _____

Type of Service requested: _____

**3. Name:** _____

Address: _____

City: _____   State: _____   Zip: _____

Type of Service requested: _____

**4. Name:** _____

Address: _____

City: _____   State: _____   Zip: _____

Type of Service requested: _____

**5. Name:** _____

Address: _____

City: _____   State: _____   Zip: _____

Type of Service requested: _____

**6. Name:** _____

Address: _____

City: _____   State: _____   Zip: _____

Type of Service requested: _____

Section 6:

**Attorney's Name:** Shaun W. Hodge

Address: 2211 Strand St, Suite 302

City: Galveston          State: TX          Zip: 77550

Attorney's Telephone No.: 409-762-5000          Attorney's Bar No.: 24052995

Attorney's E-Mail Address: bbethscheider@hodgefirm.com

Print this page

# Case # B190395-C - Kevin Morgan, et ux Vs. ASI Lloyds, Inc. (163rd Judge Dennis Powell)

## Case Information

| | |
|---|---|
| Location | Orange County - District Clerk |
| Date Filed | 9/20/2019 8:03 PM |
| Case Number | B190395-C |
| Case Description | Kevin Morgan, et ux Vs. ASI Lloyds, Inc. |
| Assigned to Judge | 163rd Judge Dennis Powell |
| Attorney | Shaun Hodge |
| Firm Name | Hodge Law Firm, PLLC |
| Filed By | Becky Bethscheider |
| Filer Type | Not Applicable |
| Damages Sought | Over $200,000 but not more than $1,000,000 |

## Fees

| | |
|---|---|
| Convenience Fee | $11.54 |
| Total Court Case Fees | $262.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $134.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $410.79 |

## Payment

| | |
|---|---|
| Account Name | AMEX 2018 |
| Transaction Amount | $410.79 |
| Transaction Response | Approved |
| Transaction ID | 55302086 |
| Order # | 037009557-0 |

## Petition

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition |
| Filing Description | Plaintiffs' Original Petition |
| Reference Number | Morgan, Kevin v ASI Lloyds |

Comments
Courtesy Copies                           bbethscheider@hodgefirm.com
Status                                    Accepted
Accepted Date                             9/24/2019 8:49 AM
Accept Comments                           Thank you, Justin
**Fees**
Court Fee                  $134.00
Service Fee                $0.00


Optional Services
Issue Citation             $8.00
Jury Fee                   $40.00
Copies - Service           $11.00 (11 x $1.00)
Service - Certified Mail   $75.00
**Documents**
*Lead Document*            Original Petition - Morgan.pdf        [Original]    [Transmitted]

---

**Application**
Filing Type                               EFile
Filing Code                               Application
Filing Description                        Application
Reference Number                          Morgan, Kevin v ASI Lloyds
Comments                                  Request for Service
Status                                    Accepted
Accepted Date                             9/24/2019 8:49 AM
**Fees**
Court Fee                  $0.00
Service Fee                $0.00
**Documents**
*Lead Document*            efiling-Request for processes         [Original] [Transmitted]
                           (UPDATED).pdf

## THE STATE OF TEXAS

To:     **ASI Lloyds, Inc.**
        **Corporate Creations Network, Inc.**
        **2425 W Loops South #200**
        **Houston, TX  77027**

Defendant, **NOTICE:**

   **YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
   Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.
   Said             **PLAINTIFF'S ORIGINAL PETITION**
was filed and docketed in the 163rd District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on September 20, 2019 in the following styled and numbered cause:

**Cause No:    190395-C**

**Kevin G. Morgan, et ux VS.  ASI Lloyds, Inc.**

   The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:
        **Shaun W. Hodge**
        **The Hodge Law Firm, PLLC**
        **Old Galveston Square Building**
        **2211 Strand, Suite 302**
        **Galveston, TX   77550**

   **ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 24, 2019.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas



## CLERK'S RETURN FOR CERTIFIED MAIL

   CAME TO HAND on the 24th day of September, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.
CERT. MAIL #9214 7969 0099 9790 1630 0726 65 DELIVERY DATE:_____ RETURN DATE:_____

## ALTERNATE RETURN

   CAME TO HAND on the _____ day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By:_____Deputy



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at www.usps.com®**

9214-7969-0099-9790-1630-0726-65

**Certified Mail Fee**

$

**Extra Services ($3.50** *check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)        $ _$2:80_
- ☐ Return Receipt (electronic)      $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required         $ _$0.00_
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

**Postage**

$ ____$0.500____

**Total Postage and Fees**

$      $6.800

*Sent To*

ASI Lloyds, Inc.

*Street, Apt. No.,*
*or PO Box No.*
*City, State, Zip+4*

RA: Corporate Creations Network, Inc.
2425 W loop South #200
Houston, TX 77027

9/24/2019 10:47:50AM

Code:B190395-C JR
Code2: Morgan OP

**PS Form 3800, April 2015**        **See Reverse for Instructions**

## THE STATE OF TEXAS

To:   **ASI Lloyds, Inc.**
     **Corporate Creations Network, Inc.**
     **2425 W Loops South #200**
     **Houston, TX  77027**

Defendant, **NOTICE:**

     **YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

     Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

     Said        **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the 163rd District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on September 20, 2019 in the following styled and numbered cause:

**Cause No:**    **190395-C**

**Kevin G. Morgan, et ux VS.  ASI Lloyds, Inc.**

     The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:

     **Shaun W. Hodge**
     **The Hodge Law Firm, PLLC**
     **Old Galveston Square Building**
     **2211 Strand, Suite 302**
     **Galveston, TX  77550**

     **ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this September 24, 2019.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

## CLERK'S RETURN FOR CERTIFIED MAIL

     CAME TO HAND on the 24th day of September, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT. MAIL #9214 7969 0099 9790 1630 0726 65 DELIVERY DATE: 11-4-2019   RETURN DATE: 11-7-2019

## ALTERNATE RETURN

     CAME TO HAND on the _____ day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By: _____Deputy



# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at www.usps.com®**

9214-7969-0099-9790-1630-0726-65

**Certified Mail Fee**

$

**Extra Services** ($3.50 *check box, add fee as appropriate*)

☐ Return Receipt (hardcopy)   $ _$2:80_
☐ Return Receipt (electronic)   $ _$2:80_
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required   $ _$0.00_
☐ Adult Signature Restricted Delivery   $ _____

Postmark
Here

**Postage**

$ _$0.500_

**Total Postage and Fees**

$   $6.800

*Sent To*

ASI Lloyds, Inc.

*Street, Apt. No.,*
*or PO Box No.*
*City, State, Zip+4*

RA: Corporate Creations Network, Inc.
2425 W loop South #200
Houston, TX 77027

9/24/2019 10:47:50AM

Code:B190395-C JR
Code2: Morgan OP

**PS Form 3800, April 2015**   **See Reverse for Instructions**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ASI Lloyds, Inc.
RA: Corporate Creations Network, Inc.
2425 W Loop South #200
Houston, TX 77027

9/24/2019 10:47:50AM

5290 5969 0099 9730 0726 72

2. Article Number *(Transfer from service label)*

9214 7969 0099 9790 1630 0726 65

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☑ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

11-4-19

D. Is delivery address different from item 1? ☐ Yes
If YES enter delivery address below: ☐ No

VICKIE FILED
NOV -7 P1:24

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# Orange County District Court

**801 W Division. Orange, 77630 TX. Phone: (409)882-7825 EXT**

## CASE HISTORY FOR CASE 190395-C

### Kevin G. Morgan, et ux VS. ASI Lloyds, Inc.

FILED DATE: 9/20/2019

CASE TYPE: C/CONTRACT - OTHER

STATUS: JURY DEMAND

JUDGE: 163rd District Court

---

## CASE PARTIES:

| | |
|---|---|
| Plaintiff | Morgan, Kevin G. |
| Plaintiff Attorney | Hodge, Shaun W. |
| Defendant | ASI Lloyds, Inc. |
| Plaintiff | Morgan, Ashley |

## CASE HISTORY FOR CASE 190395-C

---

**Morgan, Kevin G.**

Current Age: Unknown          DOB: Unknown

DL#:          SSN: 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

Total Paid: $ 385.00          Balance Due: $ 0.00

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|
| Action: PLAINTIFF'S ORIGINAL PETITION | | |
| COMP  PUB ACCT CV (DC) $50.00 | $50.00 | 20 |
| DISTRICT CLK'S FEE-CASE $50.00 | 50.00 | 50 |
| ORANGE CO SHERIFF -CASE $5.00 | 5.00 | 50 |
| LAW LIBRARY FEES $20.00 | 20.00 | 50 |
| STENOGRAPHIC FEES $15.00 | 15.00 | 50 |
| COURTHOUSE SEC  FUND $5.00 | 5.00 | 50 |
| REC MGMT PRES $5. GC 51.317 (c)(2) | 5.00 | 30 |
| REC MGMT PRES FUND(CL-R) GC 51.317(c)(1 | 5.00 | 30 |
| JUDICIARY FEE | 42.00 | 30 |
| STATE:IND LGL(C)LGC 133.152 (a)(1) | 10.00 | 30 |
| APPELLATE JUD SUPPORT FEE | 5.00 | 30 |
| DC DIGITIZE CT. R. GC 51.708 | 10.00 | 40 |
| DC ARCHIVE 51.305 (b) | 10.00 | 40 |
| STATE E-FILING (C) $30 GC 51.851 (b) | 30.00 | 20 |
| | | |
| Action: JURY DEMAND + (No image) | | |
| JURY FEE | 40.00 | 50 |
| | | |
| Action: CITATION REQUESTED (CERTIFIED MAIL) | | |
| DISTRICT CLERK FEES : GENERAL | 83.00 | 50 |

**Total:** $385.00

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 11/13/2019 | 3:10 pm | Filing recorded: COPY REQUEST + Morgan, Kevin G. |
| 11/13/2019 | 3:09 pm | Filing recorded: E-FILE RECEIPT Morgan, Kevin G. |
| 11/12/2019 | 11:12 am | Filing recorded: COPY REQUEST + Morgan, Kevin G. |
| 11/12/2019 | 11:08 am | Filing recorded: E-FILE RECEIPT Morgan, Kevin G. |
| 11/07/2019 | 2:19 pm | Filing recorded: CITATION RETURNED + ASI Lloyds, Inc. |

**CASE HISTORY FOR CASE 190395-C**

| | | |
|---|---|---|
| 09/27/2019 | 10:15 am | Received payment of $385.00 from Shaun W. Hodge (EFILE) for Kevin G. Morgan.  Printed receipt #525863.<br>Morgan, Kevin G. |
| 09/24/2019 | 10:54 am | Filing recorded: CITATION/S ISSUED + CM\RRR<br>ASI Lloyds, Inc. |
| 09/24/2019 | 10:51 am | Filing recorded: CITATION REQUESTED (CERTIFIED MAIL)<br>Morgan, Kevin G. |
| 09/24/2019 | 10:35 am | JUSTINRH recorded the following Case Action Note: Scanned to OP.<br>Morgan, Kevin G. |
| 09/20/2019 | 10:35 am | Filing recorded: JURY DEMAND + (No image)<br>Morgan, Kevin G. |
| 09/20/2019 | 10:35 am | Filing recorded: REQ FOR PROCESS FORM<br>Morgan, Kevin G. |
| 09/20/2019 | 10:35 am | Filing recorded: PLAINTIFF'S ORIGINAL PETITION<br>Morgan, Kevin G. |
| 09/20/2019 | 10:35 am | Filing recorded: E-FILE RECEIPT<br>Morgan, Kevin G. |

**STATE OF TEXAS**

**COUNTY OF ORANGE**

I, VICKIE EDGERLY, Clerk of the District Court in and for Orange County, Texas, do hereby certify that the above and foregoing is a copy and appears as the record in my office.

Witness my official seal and signature of office on Orange, Texas, on November 13, 2019.



**VICKIE EDGERLY, DISTRICT CLERK**
ORANGE COUNTY, TEXAS